USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID DUPREE,

                              Petitioner,

              -against-

WARDEN E. RICKARD,

                              Respondent.

1:25-CV-04174 (MMG)

ORDER TO ANSWER, 28 U.S.C. § 2241

MARGARET M. GARNETT, United States District Judge:

Petitioner David Dupree, who is currently incarcerated in the Federal Correctional Institution in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging (1) his conviction under 18 U.S.C. § 924(c)(1) in the United States District Court for the Middle of Pennsylvania, *see United States v. Dupree*, 1:08-CR-0170-02, 255 (M.D. Pa. Aug. 6, 2010) (criminal judgment), and seeking associated resentencing; and also challenging (2) the Federal Bureau of Prisons's ("BOP") refusal to take steps to grant him certain credits towards his prison time.  For the reasons discussed below, the Court (1) construes Petitioner's claims challenging his Section 924(c)(1) conviction and seeking associated resentencing as actually seeking second or successive relief under 28 U.S.C. § 2255, (2) severs those claims, and (3) transfers them, as a separate second or successive Section 2255 action, to the United States Court of Appeals for the Third Circuit for a determination as to whether Petitioner is authorized to pursue such claims for relief in the Middle District of Pennsylvania. The Court directs service with respect to the remaining claims for Section 2241 *habeas corpus* relief.

**DISCUSSION**

The proper jurisdictional basis for Petitioner's challenge to the imposition of his Section 924(c)(1) sentence, which includes his challenge to whether he was properly convicted of violating Section 924(c)(1), is Section 2255, not Section 2241. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (a Section 2241 petition "generally challenges the *execution* of a federal prisoner's sentence, including . . . computation of [that] prisoner's sentence. . . . In contrast, [Section] 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence. . . ." (citation omitted, emphasis in original)). Petitioner has already challenged his conviction and/or sentence by filing multiple Section 2255 motions in his court of conviction, the Middle District of Pennsylvania, which that court has denied on the merits. *See Dupree v. United States*, No. 1:08-CR-0170-02, 2015 WL 3952942 (M.D. Pa. June 29, 2015), *appeal dismissed*, No. 15-2716 (3d Cir. Aug. 25, 2015); *Dupree v. United States*, No. 08-CR-0170-02, 2020 WL 1984317 (M.D. Pa. Apr. 27, 2020), *cert. of appealability denied*, No. 20-2052, 2024 WL 5413714 (3d Cir. May 28, 2024); *see also In re Matthews*, 934 F.3d 296 (3d Cir. 2019) (granting Petitioner permission to file a second or successive Section 2255 motion in the Middle District of Pennsylvania).

A Section 2255 motion is second or successive when a previously filed Section 2255 motion challenging the same conviction and/or sentence was adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize a submission as a second or successive Section 2255 motion without providing the filing litigant an opportunity to withdraw the submission. *See Jiminian*, 245 F.3d at 148. Because Petitioner has already filed multiple Section 2255 motions in the Middle District of Pennsylvania with respect to his abovementioned conviction and/or sentence issued by that court, and because that

2

court has denied them on the merits, this Court construes Petitioner's challenge, in the present petition, to his Section 924(c)(1) conviction and his request for resentencing as seeking second or successive Section 2255 relief.

Before a litigant may seek second or successive Section 2255 relief in a federal district court, authorization from the appropriate Court of Appeals is required. *See* 28 U.S.C. §§ 2244(b)(2), (3)(A), 2255(h). Petitioner has not indicated that he has received authorization from the Third Circuit to seek such relief. He must therefore request permission to pursue this relief from the Third Circuit. Because second or successive Section 2255 motions should be transferred to the appropriate Court of Appeals, *see* 28 U.S.C. § 1631, *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), in the interest of justice, the Court severs Petitioner's claims challenging his Section 924(c)(1) conviction and requesting resentencing, and transfers them, as a separate second or successive Section 2255 action, to the Third Circuit.

## CONCLUSION

The Court construes Petitioner's claims challenging his Section 924(c)(1) conviction and requesting resentencing as seeking second or successive relief under Section 2255. In the interests of justice, the Court severs these claims and transfers them, as a separate second or successive Section 2255 action, to the Third Circuit. *See* § 1631; *Liriano*, 95 F.3d at 123. Because such a Section 2255 motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

With respect to Petitioner's remaining claims for Section 2241 *habeas corpus* relief, having examined the petition in this action, the Court hereby ORDERS that:

The Clerk of Court shall electronically notify the Civil Division of the United States Attorney's Office for the Southern District of New York that this order has been issued.

Within 60 days of the date of this order, the United States Attorney's Office shall file an answer or other pleading in response to the remaining claims in the petition.  Petitioner may file reply papers, if any, within 30 days from the date that Petitioner is served with Respondent's answer or other pleading.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:    August 7, 2025
          New York, New York

MARGARET M. GARNETT
United States District Judge

4